# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DEVERICK SCOTT                                                                                      PLAINTIFF
ADC #131042

v.                                          5:17cv00066-DPM-JJV

WENDY KELLEY,
Director, ADC; *et al.*                                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     INTRODUCTION

Deverick Scott ("Plaintiff"), an inmate at the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Defendants John Herrington, Richardson,[1] and Brown[2] unjustly seized and confiscated his legal books and materials, Defendants Evans[3] and Felicia Piggie-Gordan[4] refused to provide him with supplies, and Defendants Bundick,[5] Bolden,[6] and Mark Stephens failed to take corrective action and failed to train and supervise in this area, all in violation of

---

[1] This Defendant's name is Michael Richardson. (Doc. No. 40-15 at 1.) The Clerk is directed to amend the docket to reflect his full name.

[2] This Defendant's name is Rodney Brown. (Doc. No. 40-18 at 1.) The Clerk is directed to amend the docket to reflect his full name.

[3] This Defendant's name is Gladys Evans. (Doc. No. 40-11 at 4.) The Clerk is directed to amend the docket to reflect her full name.

[4] This Defendant's name is Felicia Piggee Gordon. (Doc. No. 40-11 at 1.) The Clerk is directed to amend the docket to reflect the correct spelling of her name.

[5] This Defendant's name is Christopher T. Budnik. (Doc. No. 7 at 1-2.) The Clerk is directed to amend the docket to reflect his full and correct name.

[6] This Defendant's name is Kennie L. Bolden. (Doc. No. 6 at 1-2.) The Clerk is directed to amend the docket to reflect his full name.

Plaintiff's First, Fourth, and Fourteenth Amendment rights, his right of meaningful access to the courts, and Arkansas law regarding negligence and intentional infliction of emotional distress.[7] (*Id*. at 14-15.) Plaintiff seeks compensatory and punitive damages. (*Id*. at 18-20.)

The remaining Defendants have now filed a Motion for Summary Judgment contending they are entitled to judgment as a matter of law on Plaintiff's claims. (Doc. No. 40.) Plaintiff has responded (Doc. Nos. 45-47), and this matter is now ripe for a decision. After careful review, and for the following reasons, I find summary judgment is appropriate and Plaintiff's claims should be DISMISSED.

## II.    PLAINTIFF'S ALLEGATIONS

According to Plaintiff's Complaint, Defendants Herrington and Richardson escorted him to punitive segregation on February 11, 2016.[8] (Doc. No. 2 at 12.) Although Plaintiff told them he needed his personal law books in order to meet court deadlines, Defendants Herrington and Richardson "seize[d] and confiscated" his books, including his *Prisoners' Self-Help Litigation Manual*, along with his pens, paper, and envelopes. (*Id*.) Plaintiff alleges this hindered his legal filings and he was forced to acquire supplies from other inmates. (*Id*.) Plaintiff states Defendants Herrington and Richardson tried to "cover it up" by failing to inventory his property in his presence and failing to list these confiscated items on the inventory form. (*Id*.) Defendants Herrington and Richardson gave Plaintiff's property to Defendant Brown to store in the property room. (*Id*.) Plaintiff alleges Defendant Brown refused to return the property to him even after he was told

---

[7] Unrelated claims stated in Plaintiff's Complaint were previously dismissed without prejudice. (Doc. Nos. 5, 14.) All other Defendants have also been dismissed. (Doc. Nos. 5, 14, 39.)

[8] The record indicates Plaintiff was actually escorted to the restrictive housing area to be placed on disciplinary court review ("DCR") status, as he had been charged with a major disciplinary earlier that day. (Doc. Nos. 40-5, 40-15 at 1.) But he was sentenced to thirty days in punitive segregation following a disciplinary hearing on February 16, 2016, relating to some prior charges. (Doc. Nos. 40-3, 40-4.)

3

Plaintiff was not on punitive segregation but DCR status, and that he needed the items to meet deadlines. (*Id*.) Plaintiff alleges an appeal he had pending was dismissed because he "couldn't find info to instruct him he personally had to get trial transcript sent to" the appellate court. (*Id*.)

Plaintiff alleges he told Defendants Budnik and Bolden about his need for his legal books and materials on February 22, 2016. (*Id*. at 13.) They informed him Defendant Brown had said those items were not included in Plaintiff's property. (*Id*.) Defendant Budnik then ordered that Plaintiff's property be inventoried again, at which point his books and materials were located and returned to him. (*Id*.) According to Plaintiff, this proves Defendants Herrington, Richardson, and Brown unjustly confiscated his property and tried to cover it up. (*Id*.) He also blames Defendants Budnik, Bolden, and Stephens for failing to take corrective action. (*Id*.)

Additionally, Plaintiff alleges Defendants Piggee Gordon and Evans, the law librarians, refused to provide him with pens, paper, and envelopes from February 11, 2016, through March 1, 2016, despite his repeated requests. (*Id*. at 13-14.) He claims this also hindered him in meeting court deadlines and he was forced to trade with other inmates to get the supplies he needed. (*Id*. at 14.)

## III.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

4

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.   ANALYSIS

### A.   Official Capacity Claims

Plaintiff has sued Defendants in both their official and personal capacities. (Doc. No. 2 at 14.) He seeks only monetary damages. (*Id*. at 18-20.) Plaintiff's claims against Defendants in their official capacities are barred pursuant to the doctrine of sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office and, as such, is no different from a suit against the state itself, which is barred by the Eleventh Amendment unless the state has waived its immunity); *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991) (the State of Arkansas has not waived its Eleventh Amendment immunity). Accordingly, I recommend Plaintiff's official capacity claims against Defendants be dismissed.

### B.   Personal Capacity Claims

Defendants contend they are entitled to qualified immunity on Plaintiff's claims against them in their personal capacities. (Doc. No. 41 at 7.) Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236). Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Id*. Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). To prove actual injury, a prisoner must demonstrate a nonfrivolous legal claim was frustrated or impeded. *Id*. at 832.

Plaintiff has not demonstrated he was hindered in pursuing a nonfrivolous legal claim due to not having his personal law books from February 11 to 22, 2016. As Defendants point out, ADC policy restricts personal property for inmates on DCR status and for those in punitive segregation. Inmates on DCR status are afforded similar privileges as those afforded to inmates in administrative segregation, which means they are allowed "[a]ccess to law materials upon request and in accordance with unit policy." (Doc. Nos. 40-8 at 3, 40-9 at 4.) According to the Varner Unit policy, administrative segregation inmates are allowed to order "legal books and reference material" from the law library. (Doc. No. 40-10 at 4.) Inmates in punitive segregation are similarly allowed to order legal materials from the law library. (Doc. No. 40-7 at 3.) While legal materials are among the personal property items inmates are allowed to possess in punitive segregation, "only that amount of legal material which can be kept neat and orderly and does not clutter the cell" will be permitted. (*Id.*) Plaintiff has not pointed to any policy or constitutional provision allowing him any greater access to his personal law books in restrictive housing.

Moreover, Plaintiff has not alleged he was denied access to the law library or that it was inadequate in any way. He made two requests for legal books and materials during the relevant time period; in the first, he requested a law dictionary, a law journal, and several cases, and in the second, he requested some cases and Varner Unit policies. (Doc. No. 40-11 at 5-6.) Defendant Piggee Gordon gave him all of the requested items. (*Id*.) Plaintiff clearly had access to the resources available in the law library and availed himself of that access. The United States Supreme Court's ruling in *Bounds* "essentially held that a state could afford prisoners meaningful access to the courts by providing either access to an adequate law library or adequate assistance from persons trained in the law." *Klinger v. Dep't of Corr.*, 107 F.3d 609, 616 (8th Cir. 1997) (citing *Bounds*, 430 U.S. at 828). Accordingly, Plaintiff cannot show he was denied meaningful access to the courts due to the confiscation of his personal law books.[9]

Nor can Plaintiff show he was hindered by the denial of his requests for pens, paper, and envelopes. Plaintiff requested these items through the Inmate Indigent Program, which provides supplies to inmates who qualify. (Doc. No. 40-11 at 2.) An inmate is eligible if his inmate trust account balance is less than $10.00 and he has received less than $10.00 on his account during the immediately preceding thirty days. (Doc. No. 40-6 at 1.) According to Defendant Piggee Gordon's Declaration, she denied both of Plaintiff's requests for supplies during the relevant time period because he was not eligible for the indigent program. (Doc. No. 40-11 at 2-3, 5-6.) Indeed, Plaintiff's trust fund account statement shows he received a deposit of $75.00 on February 5, 2016, a deposit of $150.00 on February 8, 2016, and a deposit of $20.00 on February 22, 2016. (Doc.

---

[9] Plaintiff's claim of a cover-up by Defendants is not supported by the record. Contrary to his allegation that Defendants Herrington and Richardson failed to list these items on his inventory form, the form clearly states six books and "assorted" legal mail and transcripts were inventoried. (Doc. No. 40-15 at 3.) As for Plaintiff's allegation that Defendants failed to inventory his property in his presence, no policy required it. (Doc. Nos. 40-15 at 2, 40-18 at 2.)

No. 40-17 at 1-3.) But the indigent program is not the sole means of obtaining supplies for legal filings. Plaintiff was eligible to purchase pens, paper, and envelopes through the commissary (Doc. No. 40-11 at 3), and the record shows he did. He made commissary purchases on February 23, 25, 26, and March 1, 2016, among other dates. (Doc. No. 40-17 at 1-4.) And despite the fact that he did not qualify for the indigent program, Defendant Piggee Gordon issued Plaintiff two envelopes and sixty sheets of paper during her rounds on March 1, 2016, because Plaintiff had shown her court documents indicating he had a deadline to meet. (Doc. No. 40-11 at 3, 7.) In short, the fact that Plaintiff did not qualify for the indigent program does not mean he was denied legal materials and supplies.

Finally, Plaintiff has failed to show an actual injury. As for his allegation that his appeal was dismissed because he was unaware he needed to submit a trial transcript, his exhibit shows the appeal was affirmed on the merits. (Doc. No. 2 at 118-19.) The appellate court did say it could not conduct meaningful review of some of his arguments due to the failure to provide a trial transcript. (*Id.* at 119.) But this appeal was docketed in November 2015, and Plaintiff filed his brief in December 2015, well before he was allegedly denied access to his legal books and materials. *See Scott v. Burl, et al.*, Case No. 15-3578. Plaintiff's allegations of injury in his deposition testimony are likewise unsupported. He claimed he was unable to file a brief in a separate appeal (Doc. No. 40-1 at 8), but the docket in that case shows he did file a brief on March 23, 2016 – a brief the appellate court deemed "premature" because no briefing schedule had been set in the newly opened case. *See Scott v. Watson, et al.*, Case No. 16-1434. And although he said in his deposition that he had a discovery deadline of March 28, 2016, in another case, he failed to state how he was hindered in conducting discovery. (Doc. No. 40-1 at 10.) As Defendants point out, Plaintiff filed at least eight motions or other documents in his various cases

9

between February 11, 2016, and March 1, 2016. (Doc. No. 41 at 4-5.) Many of those filings included exhibits. (*Id.*) He has not shown that any of his multiple claims were frustrated or impeded in any way. *See Hartsfield*, 511 F.3d at 832.

Because Plaintiff has failed to demonstrate the confiscation of his personal law books or the denial of his requests for legal supplies amounted to a constitutional violation, his claims against Defendants Budnik, Bolden, and Stephens for failure to take corrective action and failure to train and supervise must also fail. *See Jackson v. Buckman*, 756 F.3d 1060, 1067 n.3 (8th Cir. 2014); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Additionally, to the extent Plaintiff states a Fourth Amendment claim for the wrongful seizure of his personal property, that claim fails; the Fourth Amendment does not apply within the confines of a prison cell, as prisoners have no legitimate expectation of privacy there. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

In summary, the facts alleged or shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional right to meaningful access to the courts. Accordingly, Defendants are entitled to qualified immunity on Plaintiff's claims against them in their individual capacities, and I recommend those claims be dismissed.

### C. State Law Claims

Plaintiff also claims Defendants' actions constituted negligence and intentional infliction of emotional distress in violation of Arkansas law. (Doc. No. 2 at 15.) Pursuant to 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a related state law claim if it has dismissed all claims over which it has original jurisdiction. Because Plaintiff's § 1983 claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over his state law claims. *See Am. Civil Liberties Union v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999) (explaining that when state and federal claims are joined and all federal

claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law as a matter of comity).

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Clerk amend the docket to reflect the full and correct names of Defendants as follows: Michael Richardson, Rodney Brown, Gladys Evans, Felicia Piggee Gordon, Christopher T. Budnik, and Kennie L. Bolden. (Doc. Nos. 6 at 1-2; 7 at 1-2; 40-11 at 1, 4; 40-15 at 1; 40-18 at 1.)

2. Defendants' Motion for Summary Judgment (Doc. No. 40) be GRANTED.

3. Plaintiff's remaining claims against Defendants Herrington, Richardson, Brown, Budnik, Bolden, Stephens, Piggee Gordon, and Evans be DISMISSED WITH PREJUDICE, except that his state law claims be DISMISSED WITHOUT PREJUDICE.

4. Plaintiff's cause of action be DISMISSED.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 20th day of February, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE